IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**RUEN BEANE and
WILLIAM BRITTON, her husband**,

    Plaintiff,

CASE NO.: 3:20-cv-828

vs.

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**,

    Defendant.

_____/

**DEFENDANT-STATE FARM'S NOTICE OF REMOVAL**

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** ("State Farm"), files this Notice of Removal of the above-styled cause pursuant to 28 *U.S.C.* §1332 and § 1446, from the Circuit Court of the Seventh Judicial Circuit in and for Putnam County, Florida, in which this action is pending, to the United States District Court, Middle District of Florida, and show unto this Court the following:

1. Plaintiffs, RUEN BEANE and WILLIAM BRITTON ("Beane and Britton"), originally filed an action for damages in the Circuit Court of the Seventh Judicial Circuit in and for Putnam County, Florida, Case No. 2020-CA-178.

2. Beane and Britton allege that Beane was involved in a motor vehicle accident that occurred on August 11, 2019, in Fulton County, Georgia, and which involved an uninsured/underinsured motorist. As a result, Beane and Britton contend that they are entitled to recover against State Farm, an Illinois company that provided

uninsured/underinsured motorist coverage. Beane and Britton's action constitutes a direct action against State Farm and is thus subject to removal.

3. Written notice of the filing of this Notice of Removal has been given to Beane and Britton through their attorneys of record, Joshua A. Whitman, Esq. and A.J. Hernandez, Esq., 3127 Atlantic Boulevard, Jacksonville, Florida 32207 on this day.

4. A copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Seventh Judicial Circuit in and for Putnam County, Florida.

5. State Farm files with this Notice of Removal true and correct copies of all pleadings served and filed in the above-captioned state action. (See Composite Exhibit "A").

6. This Notice of Removal is filed by State Farm within thirty (30) days of Beane and Britton's effecting service of process upon State Farm's Florida Resident Agent. Beane and Britton's Complaint was filed on or about June 24, 2020 and a copy of Beane and Britton's Complaint was served upon State Farm on June 30, 2020.

7. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over civil actions when the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. This action is one in which this Court has original jurisdiction since it involves a controversy exclusively between citizens of different states and since the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332.

8. At the commencement of this action, and at the time of filing this Notice of Removal, State Farm was and is an Illinois corporation and existing under the laws of the State

of Illinois, having its principal place of business in Illinois, and is therefore a citizen of the State of Illinois authorized to conduct business in the State of Florida.[1]

9. Beane and Britton are residents and citizens of the State of Florida.

10. As a result of Beane and Britton being citizens of the State of Florida and State Farm being a citizen of the State of Illinois, there is complete diversity of citizenship between all parties.

11. There are no other parties, defendants, or otherwise in this action.

12. Beane and Britton's Complaint filed in state court and first served on State Farm on June 30, 2020, alleges damages in excess of $30,000.00. Beane and Britton's complaint further alleges that Beane provided State Farm with timely notice of the automobile accident and proof of her claim for damages, and otherwise performed all conditions precedent to be entitled to recovery under the policy. The complaint also alleges that State Farm denied that coverage exists and/or refused to pay Beane the value of her claim. Additionally, Beane alleges that State Farm is liable pursuant to its contract under which Beane is an insured in accordance with Florida law.

13. In addition, Beane, through her counsel of record, filed a Civil Remedy Notice ("CRN") of insurer violation with the Florida Department of Financial Services claiming that State Farm failed to negotiate in good faith.[2] Beane also sent State Farm a demand letter, which demanded that State farm tender Policy limits of $25,000, and

---

[1] Please see printout from Florida Department of State, Division of Corporations reflecting that State Farm was organized under the laws of the State of Illinois and is authorized to do business in the State of Florida. See Exhibit "B".

[2] A copy of the Civil Remedies Notice is attached as Exhibit "C".

which also suggested that Beane's "future medical costs alone will exceed $300,000.00.[3]

14. Beane was the driver of a vehicle covered under a policy of uninsured/underinsured motorist coverage, with $25,000 per person in policy limits that are non-stackable, with State Farm and has alleged that the value of her claim will exceed $300,000.00; therefore, it can be ascertained that the case meets the requisite amount in controversy of $75,000.00 and the case is removable under 28 U.S.C. §1446(b) and § 1332(a).

15. As additional support for the removal of the case regarding the amount in controversy, State Farm would show that:

(A) <u>Accident Particulars</u>: This accident occurred on August 11, 2019. Beane and Britton allege that Beane was struck by Tristan Cabrera, a non-party to this action and resident of the State of Georgia, whom Bean and Britton assert is an underinsured driver.

(B) <u>Description of Beane's injuries</u>: Beane went to Pain Relief Center on August 15, 2019. She reported injuries as recorded and noted by her treating physicians in their initial notes:

    (1) Pain Relief Center where she reported neck pain, left shoulder pain, upper back pain and low back pain.

    (2) Jacksonville Spine and Pain where she reported pain in her cervical and lumbar spine and where she underwent lumbar and cervical epidural steroid injections.

---

[3] Beane's April 2, 2020 demand letter is attached as Exhibit "D" and incorporated by reference.

(3) Dr. Michael Hanes, MD, who recommended future treatment, which includes additional injections to be administered yearly.

(4) Dr. Christopher Fetcher, who recommended additional future chiropractic care for Beane at an estimated cost equal to or greater than $125,000.00.

(5) <u>Past economic damages/out of pockets</u>: State Farm understands that that past medical bills alone are in excess of $24,825.00, which does not include any future medical treatment, lost wages, or loss of ability to earn money.[4]

(6) <u>Anticipated future medical expenses</u>: State Farm understands that Ruen's estimated future medical expenses are in excess of $300,000.00.

(7) Based on the total specials and the nature of the injuries, it is conceivable for federal removal purposes,[5] a jury could render a gross verdict in excess of $300,000, which would be reduced by PIP ($10,000) and BI Tortfeasor Setoff ($25,000) for a net verdict of $265,000.00.[6]

16. Florida Courts have found that evidence of total past medical bills and a demand by a Plaintiff for a settlement in an amount greater than $75,000 constitutes sufficient evidence to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirements.[7]

---

[4] Defendant acknowledges that this is the gross bill prior to being submitted to PIP and/or health insurance.
[5] State Farm disagrees that the case is "worth" $75,000.00 and certainly State Farm's request to remove the case to Federal Court is not an admission regarding value. Having said this, the request for removal is premised on the fact that conceptually the case could potentially have a value in excess of $75,000.00.
[6] Depending on how much the net verdict exceeds the $100,000 of available UM coverage.
[7] *See Fischer v. State Farm Mut. Auto. Ins. Co*., 2011WL573836 (S.D. Fla. Feb. 15, 2011), *Bowen v. State Farm Mut. Auto. Ins. Co.* 2011WL1257470 (M.D. Fla. March 29, 2010), and *Cooper v. Dolgencorp*, LLC 2011WL13323145 (M.D. Fla. June 24, 2011).

17. In 2011, an Orange County, FL jury awarded a plaintiff, $456,800.00, where the plaintiff's personal injuries included injuries to head, neck, hip, and back; medical expenses; loss of earnings; and loss of ability to earn money.[8] Likewise, Beane alleges, among other allegations, injuries to her neck, back loss of earnings, and anticipated future medical expenses in excess of $300,000.00.

18. In 2013, a Florida Middle District Court held that "[s]ettlement demand letters that ask for damages exceeding $75,000 are evidence that may be submitted by the removing party to be considered by courts for purposes of determining whether diversity jurisdiction exists."[9]

19. Here, Beane has made demand for $25,000.00 and filed a CRN supposedly in the amount of $25,000.00 and which also indicates that the "reasonable and conservative" estimate for Beane's future care is $300,000.00.

20. The above mentioned jury verdicts which involve similar claims and/or medical bills suggest (although State Farm disputes it) that Beane's and Britton's claims could have a net verdict value (after deduction of setoffs) of $75,000 or more. Certainly, the Court can rely on its knowledge and experience:

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. *Id.* at 771. Indeed, in some cases, the

---

[8] See *Indelicato v. Maldonado,* 2011 WL 7477181 (2011).
[9] *See Short v. State Farm Mut. Auto Ins.Co.*, 6:13-CV-839-ORL-28, 2013 WL 5550789, at *1 (M.D Fla. Sept. 25, 2013) (citing *AAA Abachman Enters, Inc v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866(11th Cir. 2008)) (relying in part on a demand letter in finding that the amount in controversy had been met.)

> defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See id.* (explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").
> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. **Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount**." *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.,* 637 F.Supp.2d 995, 999 (M.D.Ala.2009)); *see also Williams,* 269 F.3d at 1319 (11th Cir.2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits.

*Roe v Michelin North America, Inc.*, (613 F.3d 1058, 1061-62 (11th Cir. 2010).[10]

21. Based on the foregoing, State Farm submits that removal of this action is authorized under 28 *U.S.C.* § 1332 and § 1441 due to diversity of citizenship and the fact that there is at least $75,000.00 in controversy. *See e.g., Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3d Cir. 1988):

> We begin by addressing Myers's claim that there is no diversity of citizenship jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(c) (1982). *As the district court properly determined, this lawsuit is not a direct action within the meaning of section 1332(c).* Myers, as an injured third party, brings this suit based on State Farm's failure to settle [the UM claim] within

---

[10] *See also Scott v. Home Depot U.S.A., Inc*., 2012 WL 86986 (S.D. Fla. January 11, 2012) ("District courts must make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleading to determine whether it is facially apparent that a case is removable"...[and] may employ its own judicial experience or common sense to discern whether a complaint establishes the jurisdictional amount in controversy required for removal").

the policy limits and not, as contemplated by section 1332(c), as a result of State Farm's status as "payor of a judgment based on the negligence of one of its insureds." *Velez v. Crown Life Ins. Co.,* 599 F.2d 471, 473 (1st Cir.1979); *accord Fortson v. St. Paul Fire & Marine Ins. Co.,* 751 F.2d 1157, 1159 (11th Cir.1985) ("*unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action*"); *Beckham v. Safeco Ins. Co. of Am.,* 691 F.2d 898, 901-02 (9th Cir.1982). State Farm is incorporated and has its principal place of business in the state of Illinois. It therefore is deemed a citizen of that state for purposes of determining diversity. Since Myers is a citizen of Pennsylvania, federal subject matter jurisdiction exists over this action. (emphasis added).

WHEREFORE, State Farm respectfully requests this Court grant State Farm's Motion, remove the case to federal court, and award State Farm such further relief as may be just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading has been sent by E-mail this July 24, 2020 to: **JOSHUA A. WHITMAN, ESQ.**, 3127 Atlantic Blvd, Jacksonville, FL 32207 (jwhitman@miltonleach.com).

/s/ *Thomas "Kevin" Knight*
**THOMAS "KEVIN" KNIGHT**
Fla Bar No: 318892
**PETER S. GARCIA**
Fla Bar No: 55852
deBeaubien, Simmons, Knight,
Mantzaris & Neal, LLP
332 N. Magnolia Avenue
Orlando, FL  32801
Direct: (407) 992-3520 Asst: (407) 992-3555
Main: (407) 422-2454 Fax: (407) 422-0970
KKNIGHT@DSKLAWGROUP.COM
ELamb@DSKLawGroup.com
PSGPleadings@DSKLawGroup.com
Attorneys for STATE FARM